IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS KARMATZIS, #N87984, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-01120-JPG |
| ) | |
| DR. SHAH, and ) | |
| A. RECTOR, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

On October 21, 2013, Plaintiff Thomas Karmatzis, an inmate in Pinckneyville Correctional Center, brought an action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on a variety of allegedly retaliatory actions taken against him, the denial of proper medical care, and failure to accommodate his disabilities: *Karmatzis v. Gates*, No. 13-cv-01021-JPG-PMF.   By Order dated October 31, 2013, the Court conducted a preliminary review of the complaint in accordance with 28 U.S.C. § 1915A, resulting in Counts 2 and 3 being severed into the present case, *Karmatzis v. Shah*, 13-cv-01120-JPG.   Plaintiff was given until November 29, 2013, to opt out of the severed case.   By notice filed November 4, 2013, he confirmed his desire to proceed with the severed case.

The claims proceeding in this new case (renumbered) are:

> **Count 1:** On multiple occasions, Dr. Shah and Nurse Practitioner A. Rector, motivated by deliberate indifference and retaliation for litigation and grievances filed by Plaintiff, failed to treat Plaintiff's serious medical needs, in violation of the Eighth and First Amendments;

>   **Count 2:** On August 14, 2013, Dr. Shah and Nurse Practitioner A. Rector denied Plaintiff a shower chair, thereby violating the Americans with Disabilities Act of 1990, 42 U.S.C.A. § 12101 *et seq.*, and Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*; and

The Court has already reviewed these claims pursuant to 28 U.S.C. § 1915A, finding that they state colorable constitutional claims (*see* Doc. 1 *in re* claims previously numbered Count 3 and 4).

Plaintiff moved for reconsideration of the Court's Section 1915A order in *Karmatzis v. Gates*, No. 13-cv-01021-JPG-PMF. Plaintiff asked that the Court "accept facts that [were] left out of the complaint concerning C. Brown," reinstate the claim(s) against Brown (Count 3), and then sever Count 3 from that original case, joining it with the other severed claims in this case. The motion for reconsideration was denied in all respects. However, without deciding the merit of the proposed amendment, the Court's order noted that the doctrine of *res judicata* is not seen as a bar to an otherwise colorable claim against Healthcare Administrator Brown for personally being involved in denying Plaintiff medical care, in violation of the Eighth Amendment. Plaintiff was instructed that he needs to file a motion for leave to amend in this action, and submit a proposed amended complaint. *See* Local Rule 15.1 (<u>all</u> claims must be presented in a single amended complaint, which will be subject to preliminary review in accordance with 28 U.S.C. § 1915A).

Because this case can proceed on Counts 1 and 2, the Court will not further delay litigation at the threshold. This case will be referred to a magistrate judge for further pretrial proceedings. Whether Plaintiff elects to move to amend the complaint to add another claim is up to Plaintiff.

**Pending Motion**

Plaintiff's motion for leave to proceed *in forma pauperis* in this case (Doc. 3) will be addressed in a separate order.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNTS 1 and 2** against Defendants **DR. SHAH** and **A. RECTOR** shall proceed.

The Clerk of Court shall prepare for Defendants **DR. SHAH** and **A. RECTOR**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.

Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Philip M. Frazier for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Philip M. Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    DATED:  November 14, 2013

                                    *s/ J. Phil Gilbert*
                                    **United States District Judge**