UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

THOMAS KARMATZIS,

    Plaintiff,

        v.                                Case No. 13-cv-1120-JPG-PMF

DR. SHAH and A. RECTOR, ,

    Defendants.

## MEMORANDUM AND ORDER

This matter comes before the Court for case management purposes. Plaintiff Thomas Karmatzis signed his complaint on September 27, 2013, and it was received and docketed on October 1, 2013 (Doc. 2). [1] The Court has allowed the plaintiff to proceed in this case without prepayment of fees and has assessed an initial partial filing fee of $14.31 pursuant to 28 U.S.C. § 1915(b)(1) (Doc. 13). The Court calculated this filing fee after considering the average monthly balance or deposits in the plaintiff's account for the six-month period immediately preceding the filing of the complaint. The plaintiff began that period with a balance of zero, but soon received $113.69 he had had in an account at his prior institution of incarceration. He then spent a majority of that balance on commissary purchases, medical co-pays and postage, leaving him with $52.02 in his account when he filed this lawsuit on October 1, 2013. The Court further notes that the plaintiff received between $5.00 and $10.00 per month for his prison job during that period and $252.00 in gifts from outside the prison.

On December 17, 2013, Magistrate Judge Philip M. Frazier ordered the plaintiff to pay on or before January 17, 2014, the $14.31 initial partial filing fee assessed at the outset of this case or

---

[1] The Court notes that this lawsuit was originally commenced as part of *Karmatzis v. Gates*, 13-cv-1021-JPG-PMF, which was filed on October 1, 2013, but was severed into this lawsuit pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), on October 31, 2013.

show that he had no assets and no means to pay that sum (Doc. 33).   Since that order, the plaintiff has made a partial payment – $2.00 – toward the initial partial filing fee, but he has not submitted the entire amount as ordered.

It is clear that at the time the plaintiff originally filed this lawsuit *and* within the six months before the plaintiff filed this suit, he was capable of paying $14.31 to the Court.   That the plaintiff made the financial decision to spend his money and not to save it to pay for this lawsuit is a decision the plaintiff must live with.   If a prisoner's account received ample funds to pay the required fee at the required time but he spent the money on other things, the prisoner's case can be dismissed for noncompliance with 28 U.S.C. § 1915(b)(1).   *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997).   "Requiring prisoners to make economic decisions about filing lawsuits does not deny access to the courts; it merely places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state."   *Roller v. Gunn*, 107 F.3d 227, 233 (4th Cir. 1997), *quoted in Miller v. Hardy*, 497 Fed. App'x 618, 621 (7th Cir. 2012). However, rather than dismissing this case at the present time, the Court will give the plaintiff additional time to pay the fee due and will stay this case in the meantime.

Accordingly, the Court:

- **ORDERS** that the plaintiff shall have up to and including February 21, 2014, to pay the entire initial partial filing fee of $14.31;

- **STAYS** this case until further order of the Court; and

- **WARNS** the plaintiff that if he does not pay the entire initial partial filing fee of $14.31 by February 21, 2014, the Court will dismiss this case without prejudice.

**IT IS SO ORDERED.**
**DATED: January 31, 2014**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

2