UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

THOMAS KARMATZIS,

    Plaintiff,

        v.

DR. SHAH and A. RECTOR, ,

    Defendants.

Case No. 13-cv-1120-JPG-PMF

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 60) of Magistrate Judge Philip M. Frazier recommending that the Court deny plaintiff Thomas Karmatzis' second motion for extraordinary remedies and a preliminary injunction (Doc. 41). Magistrate Judge Frazier found that Karmatzis failed to show he has a likelihood of success on the merits of his Eighth Amendment claim for deliberate indifference to a serious medical need or his First Amendment retaliation claim. Karmatzis has objected to the Report in the form of a motion for reconsideration (Doc. 61)

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The Court has reviewed the matter *de novo* and has determined that Magistrate Judge Frazier was correct in his conclusions that Karmatzis has not shown a likelihood of success on his Eighth Amendment or First Amendment claim. As for the Eighth Amendment claim, the

evidence appears to show no more than a difference of opinion about the appropriate medical treatment of Karmatzis' ailments, which is insufficient to demonstrate deliberate indifference. *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001).   As for the First Amendment retaliation claim, the evidence shows that the change in medical treatment followed Karmatzis' exercise of his First Amendment rights, but the circumstances do not suggest that activity was a motivating factor in the treatment change, as required to establish such a claim.  *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

For these reasons, the Court:

- **ADOPTS** the Report (Doc. 60) in its entirety;
- **DENIES** Karmatzis' motion for reconsideration (Doc. 61); and
- **DENIES** Karmatzis' motion for extraordinary remedies and for a preliminary injunction (Doc. 41).

**IT IS SO ORDERED.**
**DATED: June 2, 2014**

                                              s/J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**