UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

THOMAS KARMATZIS,

    Plaintiff,

        v.                                Case No. 13-cv-1120-JPG-PMF

DR. SHAH and A. RECTOR,

    Defendants.

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 119) of Magistrate Judge Philip M. Frazier recommending that the Court deny plaintiff Thomas Karmatzis' fifth and sixth motions seeking preliminary injunctive relief (Docs. 116 & 117) and bar him from filing further motions seeking preliminary injunctive relief, a transfer to a different facility, medical treatment or other extraordinary remedy. Karmatzis has objected to the Report (Doc. 125) in an unsigned filing.

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

As a preliminary matter, the Court would be justified in disregarding Karmatzis' objection because it is not signed, as required by Federal Rule of Civil Procedure 11(a). Karmatzis made this same error in filing a prior motion for extraordinary remedies (Doc. 110), was allowed to correct the error (Doc. 114), and should have known not to make the same mistake again. However, the Court declines to require Karmatzis to cure this error because even if he did, his objections have no merit.

The Court has reviewed the matter *de novo* and has determined that Karmatzis' objections have no merit. Karmatzis seeks injunctive relief from officials at Shawnee Correctional Center, where he is

currently housed, but neither defendant works at that prison such that he or she could provide the requested relief. Transfer of a prisoner to a another institution renders the prisoner's request for injunctive relief against officials at the first prison moot unless he makes a showing that he will likely be retransferred to that first institution. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). Karmatzis is free to raise his current complaints against Shawnee Correctional Center staff in a new lawsuit after exhausting his administrative remedies.

The Court further notes that Karmatzis has abused the judicial process by repeatedly and unsuccessfully seeking preliminary injunctive relief. He has had ample opportunity to seek preliminary injunctive relief. Furthermore, in light of the fact that he is no longer housed where the defendants work and would be capable of providing injunctive relief, allowing further such motions would only waste judicial resources and delay the final resolution of this case.

For these reasons, the Court:

- **ADOPTS** the Report (Doc. 119) in its entirety;

- **OVERRULES** Karmatzis' objections (Doc. 125);

- **DENIES** Karmatzis' motion for preliminary injunctive relief (Docs. 116 & 117); and

- **BARS** Karmatzis from filing further motions seeking preliminary injunctive relief, a transfer to a different facility, medical treatment or other extraordinary remedy. Should he continue to tender such motions to the Court, the Court will direct the Clerk of Court to return them to him unfiled.

**IT IS SO ORDERED.**
**DATED: August 3, 2015**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**