UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

THOMAS KARMATZIS,

    Plaintiff,

        v.

DR. SHAH and A. RECTOR,

    Defendants.

Case No. 13-cv-1120-JPG-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 133) of Magistrate Judge Philip M. Frazier recommending that the Court deny the motion to stay filed by plaintiff Thomas Karmatzis (remainder of Doc. 131) and grant the motion for summary judgment filed by defendants Dr. Shah and A. Rector (Doc. 102). Karmatzis has objected to the Report (Doc. 134).

Karmatzis, an inmate at Pinckneyville Correctional Center ("Pinckneyville") at all relevant times,[1] claims in this case that Shah and Rector failed to treat his serious medical needs as an exercise of deliberate indifference and retaliation for hit grievances and litigation (Count 1) and that Shah and Rector denied him access to a shower chair in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 794 (Count 2).

**I.**    **Report and Recommendation Review Standard**

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made.

---

[1] Karmatzis is currently housed at Shawnee Correctional Center.

*Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

## II. The Report

In the Report, Magistrate Judge Frazier recommended the Court deny Karmatzis' motion to stay consideration of the defendants' fully-briefed summary judgment motion so he can address amendments to his complaint and appointment of counsel, both of which have been considered numerous times earlier in this case. Magistrate Judge Frazier found it was appropriate to consider summary judgment at this stage of the case and that no stay was warranted.

As for the substance of the summary judgment motion, Magistrate Judge Frazier found there was evidence from which a reasonable jury could conclude Karmatzis suffered from a serious medical condition involving his breathing and prostate that required treatment from a doctor. Magistrate Judge Frazier further reviewed the treatment provided by the defendants while Karmatzis was at Pinckneyville, as well as other treatment he received at Western Correctional Center ("Western"), where he was housed before he was moved to Pinckneyville. After his transfer to Pinckneyville in June 2013, the defendants evaluated Karmatzis on numerous occasions and treated him for his complaints each time, although some of the treatments were different than those he had received at Western for the same health problems and were varied throughout his time at Pinckneyville. This treatment included a shower chair until a physical therapist opined that Karmatzis did not need the shower chair. Magistrate Judge Frazier concluded that no reasonable jury could find that the differences in treatment between Western and Pinckneyville reflected anything other than differences in professional opinion or that the treatment provided at Pinckneyville was blatantly inappropriate or outside the accepted range of professional judgment. At most, Magistrate Judge Frazier concluded, the treatment was negligent, which cannot support

an Eighth Amendment deliberate indifference claim.

Magistrate Judge Frazier also concluded that there was no evidence from which a reasonable jury could conclude that Karmatzis' grievances or litigation was a motivating factor in any of the defendants' treatment decisions, a necessary element of a claim for retaliation in violation of the First Amendment.

Finally, Magistrate Judge Frazier concluded there was no evidence from which a reasonable jury could conclude Karmatzis was denied access to showers or was deprived of a shower chair *because of* his disability, an essential element of an ADA or Rehabilitation Act claim.

### III.   Objections

Karmatzis objects on the grounds that the Court has denied his motions to stay the case, for continuances of various deadlines, and for the appointment of counsel.   He states he no longer has a copy of the original complaint, which is necessary for litigation of this matter.   He reiterates that his retaliation claims are based on his continuing to file grievances.   He alleges Shah and Rector threatened him, told him they would not allow him to file grievances or litigation over his treatment at Pinckneyville, and then decreased his medications in retaliation for his grievances and litigation.   He submits an affidavit in support of some of these assertions.

### IV.   Analysis

As a preliminary matter, Karmatzis does not object to Magistrate Judge Frazier's recommendation to deny the stay or grant summary judgment on the ADA and Rehabilitation Act claims in Count 2.   The Court has reviewed those issues for clear error and finds none.   Accordingly, the Court will adopt those portions of the Report.

As for Magistrate Judge Frazier's recommendation regarding Karmatzis' deliberate indifference and retaliation claims, Karmatzis does not object to Magistrate Judge Frazier's statements of the law, which the Court finds is correct and will therefore adopt.   Instead, he

submits new evidence – his own affidavit – from which he contends a reasonable jury could find his grievance and litigation history motivated Shah's treatment decisions.

It is within the Court's discretion whether to receive additional evidence following a magistrate judge's report and recommendation. *See* 28 U.S.C. § 636(b)(1); *Doe v. Chao,* 306 F.3d 170, 183, n. 9 (4th Cir. 2002), *aff'd*, 540 U.S. 614 (2004); *Sea-Land Serv., Inc. v. Andrew Corp.*, No. 88 C 8296, 1992 WL 41344, *2 (N.D. Ill. Feb. 25, 1992). However, attempts to introduce new evidence after a magistrate judge has issued a report and recommendation are disfavored, *see Deakins v. Pack*, 957 F. Supp. 2d 703, 736 (S.D. W. Va. 2013), and will not be accepted without adequate justification for their lateness, *Chao*, 306 F.3d at 182, n. 9. As the District Court for the Northern District of Illinois has noted:

> If the parties do not present the entirety of their case before the magistrate judge, saving their best arguments to present to the district judge, the whole purpose of referring matters to the magistrate judge is negated. Worse, if the parties are not bound by the framing of the issues before the magistrate judge, referral merely affords the parties an opportunity to rehearse their case without binding consequences. A party may utilize proceedings before the magistrate to flesh out her opponent's case, saving her arguments until she determines which will be the most appealing.

*Sea-Land Serv.*, 1992 WL 41344, at *2.

Karmatzis has not offered an adequate justification for failing to present his affidavit in response to the defendants' summary judgment motion and instead waiting until after Magistrate Judge Frazier issued the Report. The Court gave notice to Karmatzis shortly after the defendants filed their summary judgment motion that he needed to submit with his response the evidence he had in opposition to the summary judgment motion. He submitted two similar responses, each 18 pages long with 33 pages of exhibits which did not include his affidavit (Docs. 106 & 107). He has not offered any reason he could not have included his affidavit in either of those filings; the events described in his affidavit occurred well before his response was due. In this situation, the

4

Court is not inclined to allow an end-run around the Court's prohibition on sur-reply briefs by allowing additional evidence to be considered at the objection stage when it could have been presented in a timely manner in the plaintiff's response.  For this reason, the Court declines to consider Karmatzis' belated affidavit offered with his objection.

Having so limited the Court's consideration of the matter to the *de novo* review of the materials before Magistrate Judge Frazier, the Court finds that Magistrate Judge Frazier was correct as to the lack of evidentiary support for Karmatzis' deliberate indifference or retaliation claims for the reasons set forth in the Report.  The Court will therefore adopt those findings.

Finally, Karmatzis complains that he has suffered from not having an attorney appointed to represent him in this case.  The Court has already addressed the issue of recruitment of counsel multiple times and has found recruitment of counsel was not warranted because of Karmatzis' competence to litigate his own case (Docs. 21, 83, 88, 93, 99, 123, 128 & 135).

## V.     Conclusion

For the foregoing reasons, the Court hereby:

- **ADOPTS** the Report (Doc. 133) in its entirety;
- **OVERRULES** Karmatzis' objection (Doc. 134);
- **DENIES** Karmatzis' motion to stay (the remainder of Doc. 131);
- **GRANTS** Shah's and Rector's motion for summary judgment (Doc. 102); and
- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: November 30, 2015**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**