UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

THOMAS KARMATZIS,

    Plaintiff,

    v.

DR. SHAH and A. RECTOR,

    Defendants.

Case No. 13-cv-1120-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Thomas Karmatzis's motion for relief from the Court's December 1, 2015, judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) (Doc. 138). In that judgment (Doc. 137) and the order that preceded it (Doc. 136), the Court found that there was no evidence from which a reasonable jury could conclude that, in the summer of 2013, defendants Dr. Shah and A. Rector were deliberately indifferent to Karmatzis's medical needs, that they retaliated against him for filing grievances and litigation, or that they violated the Americans with Disabilities Act or the Rehabilitation Act by denying him a shower chair. It therefore granted summary judgment for the defendants.

In his current motion, Karmatzis asks the Court to consider new evidence that he believes would cause the Court to change its earlier decision to grant summary judgment. He points to other encounters he has had with Dr. Shah in March 2015 and in May 2019 which he believes demonstrate Dr. Shah's continuing inadequate medical care and retaliation for Karmatzis's filing grievances and litigation. He also asks the Court for leave to amend his complaint to include these additional instances of alleged wrongdoing.

Rule 60(b) allows the Court to vacate a judgment for six reasons, the last of which is for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This provision is open-ended

and flexible, allowing the Court wide discretion to relieve a party from judgment. *Pearson v. Target Corp.*, 893 F.3d 980, 984 (7th Cir. 2018). It applies, however, only when the other five more specific reasons do not apply and only in extraordinary circumstances, including where there is a risk of injustice to the parties or a risk of undermining public confidence in the judicial process. *Buck v. Davis*, 137 S. Ct. 759, 778 (2017); *Pearson*, 893 F.3d at 984. A motion under Rule 60(b) must be filed within a reasonable time. Fed. R. Civ. P. 60(c)(1).

Karmatzis's motion is arguably timely because the events he cites to support his argument occurred only weeks ago, even though judgment was entered more than three years ago. They do not, however, create extraordinary circumstances that would justify relief from judgment in this case so long after this case has terminated. The judgment in this case considered Dr. Shah's conduct from 2013; the events Karmatzis cites in his motion occurred much later and could not have led a reasonable jury to believe that Dr. Shah violated Karmatzis's constitutional rights in 2013. Furthermore, Karmatzis has an adequate remedy for any wrongful conduct he believes Dr. Shah committed after the 2013 events at issue in this case; he can file a new lawsuit after exhausting his administrative remedies. Because he has an avenue for relief available for the alleged new conduct, the failure to vacate the current judgment would not pose any risk of injustice to Karmatzis and would not undermine public confidence in the judicial system or the Court's original judgment in this case.

For these reasons, the Court exercises its discretion to **DENY** Karmatzis's motion for relief from judgment under Ruel 60(b) (Doc. 138).

**IT IS SO ORDERED.**
**DATED: June 18, 2019**

              s/ J. Phil Gilbert
              **J. PHIL GILBERT**
              **DISTRICT JUDGE**